Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4767 | DATE | 8/27/2003 |
| CASE TITLE | George Mitchell vs. Union Pacific Railroad | | |

| MOTION: | [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.] |
|---|---|
| | Memorandum Opinion and Order |

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the above reasons, plaintiff's petition to proceed in forma pauperis is denied and his complaint is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 02 2003 | |
| | Notified counsel by telephone. | | date docketed | 1 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 AUG 29 PM 4:05 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE MITCHELL, )
)
Plaintiff, )
)
vs. ) No. 03 C 4767
)
UNION PACIFIC RAILROAD, )
)
Defendant. )

MEMORANDUM OPINION AND ORDER

Plaintiff George Mitchell brought this action against Union Pacific Railroad (UP) alleging wrongful termination. Along with his complaint plaintiff filed a petition to proceed *in forma pauperis*. For the following reasons, plaintiff's petition is denied.

Pursuant to 28 U.S.C. § 1915(a) we may authorize a plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. Plaintiff's petition indicates that he is not employed and has little to no savings. Arguably, plaintiff has successfully shown he is unable to pay the costs.

As part of a petition to proceed *in forma pauperis*, however, we also conduct a preliminary review of petitioner's claims and dismiss the complaint if it is frivolous or malicious, it fails to state a claim or it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. DeBruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). Similar to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we dismiss a complaint only if it appears beyond a doubt that no facts could support the allegations. Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).

According to the complaint and the attached exhibits, plaintiff was employed by UP as

an Extra Board Clerk. As part of his position plaintiff did not have a set work schedule but would receive a call when there were hours available. He was guaranteed that he would be offered 40 hours a week. During his employment he was charged with a violation of UP's General Code of Operating Rules (GCOR). The charge stated that while assigned to a full-time position he made a claim for unemployment benefits, which he received, and to which he was not entitled. Plaintiff alleges that he only claimed unemployment benefits for hours he did not actually work, and that since he was never properly trained on the GCOR he had no reason to know that his unemployment claims were a violation of the rules. A hearing was conducted at which plaintiff appeared with representatives from the Transportation Communications Union (TCU). Plaintiff was subsequently dismissed from employment. The complaint also alleges that in the two years before his termination plaintiff filed multiple grievances with UP, and he asserts that UP's failure to timely respond to those grievances is a violation of the Railway Labor Act (RLA).

In his civil cover sheet, plaintiff states that this is a diversity action for wrongful termination. Plaintiff has filed his complaint *pro se* and as a result we construe his pleadings liberally. McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000). In essence, plaintiff is appealing the decision of the hearing officer and presenting the same arguments to this court that were made before the hearing board. While not fully explained, it appears that plaintiff is alleging that UP, in failing to properly train him regarding its rules and regulations, violated agreements it had with his union and, by extension, him. Disputes seeking to enforce contractual rights arising out of collective bargaining agreements are governed by the dispute resolution provisions of the Railway Labor Act (RLA). Hawaiian Airlines, Inc. v. Norris, 512

U.S. 246 (1994); 45 U.S.C. § 151a. Plaintiff's claim seems to require the interpretation of a collective bargaining agreement and is therefore preempted by the RLA and we must accordingly defer to the arbitration provisions of that Act. Monroe v. Missouri Pacific Railroad Company, 115 F.3d 514, 516 (7th Cir. 1997) (employee's wrongful discharge claim was preempted by the RLA because it required analysis of a collective bargaining agreement to determine the validity of arguments regarding railroad's retaliatory intent).

Even if plaintiff's claim is not preempted by the RLA, we are hard-pressed to find a state claim in plaintiff's complaint. Even if plaintiff was fired in response to his filed grievances, a dispute over non-criminal business practices does not rise to the level of retaliatory discharge as recognized by Illinois law. Nappi v. Meridian Leasing Corp., 859 F.Supp. 1177, 1180 (N.D.Ill. 1994). Federal employment law is equally unavailable. This action does not fit into the realm of employment discrimination since plaintiff has not alleged a discriminatory motivation and admits that defendant had a non-discriminatory reason for his dismissal, without claiming that the reason was a pretext for discrimination. Fisher v. Wayne Dalton Corp., 139 F.3d 1137, 1140-1141 (7th Cir. 1998). Without facts that would take this dispute outside of the resolution provisions of the RLA, as well as additional allegations of discrimination or actionable retaliation, plaintiff's claim fails.

For the above reasons, plaintiff's petition to proceed *in forma pauperis* is denied and his complaint is dismissed without prejudice.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 27, 2003.