Minute Order Form (06/97)

## United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4767 | **DATE** | 9/__/2003 |
| **CASE TITLE** | George Mitchell vs. Union Pacific Railroad | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, plaintiff's motion to reconsider is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: WAH

date docketed: SEP 24 2003

Document Number: 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE MITCHELL,            )
                            )
            Plaintiff,      )
                            )
     vs.                    )    No. 03 C 4767
                            )
UNION PACIFIC RAILROAD,     )
                            )
            Defendant.      )

DOCKETED
SEP 2 4 2003

MEMORANDUM OPINION AND ORDER

Plaintiff George Mitchell brought an action against Union Pacific Railroad (UP) alleging wrongful termination. Along with his complaint plaintiff filed a petition to proceed *in forma pauperis*. On August 27, 2003, we entered an order denying his petition and dismissing his complaint without prejudice. Plaintiff has filed a motion to reconsider, asserting that we misunderstood the allegations of his complaint and therefore reached an erroneous decision. For the following reasons, the motion to reconsider is denied.

According to plaintiff's complaint and attached exhibits, he was employed by UP as an extra board clerk. He did not have a set work schedule, but he was guaranteed 40 hours per week and received a call when hours became available. He alleges that he did not receive 40 hours of work per week as promised, so he made a claim for unemployment benefits for the days he did not work. He also filed grievances with UP for its failure to pay him his guaranteed salary. After learning of plaintiff's claim for unemployment benefits, UP charged him with a violation of the General Code of Operating Rules. A hearing was conducted at which plaintiff appeared with representatives from the Transportation Communications Union. Following the hearing, plaintiff was permanently dismissed by UP for accepting

unemployment benefits to which he was not entitled. Plaintiff then filed his complaint and petition to proceed *in forma pauperis*. We dismissed the complaint, finding that plaintiff's claim was preempted by the Railway Labor Act (RLA) and that, even if the action was not preempted by the RLA, the complaint failed to allege a state law claim.

A motion to reconsider is only appropriate to correct manifest errors of law or fact, or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Reconsideration is not an appropriate forum for rehashing previously rejected arguments. Drnek v. City of Chicago, 205 F.Supp.2d 894, 895 (N.D.Ill. 2002). Plaintiff argues that the dismissal of his complaint was erroneous for three reasons. First, he contends that his complaint alleged violations of 49 CFR §§ 217.9 and 217.11, which are not preempted by the RLA. Second, he claims that the RLA does not preclude him from pursuing a legal remedy for UP's alleged violation of its collective bargaining agreement. Finally, he maintains that preemption of his claim by the RLA denies his constitutional right to a jury trial. Each of these arguments is without merit.

In his initial argument plaintiff states that our prior order conflated two separate allegations from his complaint. He argues that his complaint alleged violations of both a collective bargaining agreement and federal regulations, 49 CFR §§ 217.9, 217.11. He claims that these federal regulations required UP to train him in its policies, a duty it neglected when it did not inform him of the company policy regarding unemployment benefits, resulting in his dismissal for breach of company policy. Plaintiff further maintains that UP's violation of these federal regulations is not preempted by the RLA and therefore his claim was erroneously dismissed.

Sections 217.9 and 217.11 have no relevance to UP's alleged failure to inform plaintiff of its policy regarding unemployment benefits. These sections of the Code of Federal Regulations address railroad operating rules. Section 217.1 defines the scope and meaning of "railroad operating rules" when it identifies the purpose of Part 217 as (1) informing the Federal Railroad Administration of the condition of "operating rules and practices *with respect to trains and other rolling equipment* in the railroad industry," and (2) requiring railroads to instruct its employees in these practices (emphasis added). Thus, the sections in Part 217 concern rules that address the operation of trains or other railroad equipment, not rules related to general employee conduct or employee benefits. Furthermore, § 217.9, the only section that plaintiff cites in his complaint, does not require that railroads train employees in operating rules; it requires railroads to conduct operational tests and inspections to determine compliance with its rules and timetables. Section 217.11, which plaintiff cites for the first time in his motion to reconsider, requires railroads to periodically instruct all relevant employees "on the meaning and application of the railroad's operating rules...." 49 CFR § 217.11. The limitation of this training to only certain employees further reveals that these regulations only concern rules regarding the operation of trains.

Plaintiff next argues that his claim should not have been dismissed because violations of collective bargaining agreements are actionable in federal court regardless of administrative remedies available under the RLA. Plaintiff cites Moore v. Illinois Central Railroad Co., 312 U.S. 630 (1941) and Adams v. New York, C & St. L.R. Co., 121 F.2d 808 (7th Cir. 1941) in support of this proposition. The Supreme Court overruled these holdings in Andrews v. Louisville & N. R. Co., 406 U.S. 320 (1972). As explained in our previous order, disputes

seeking to enforce contractual rights arising out of collective bargaining agreements are governed by the dispute resolution provisions of the RLA. Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246 (1994); 45 U.S.C. §151a. Minor disputes dealing with the application of agreements covering rates of pay, rules, or working conditions, are subject to compulsory and binding arbitration before the National Railroad Adjustment Board, which has exclusive jurisdiction over such disputes. Consolidated Rail Corp. v. Railway Labor Executives' Ass'n, 491 U.S. 299 (1989). At most, plaintiff's claim that he was not trained is an argument he made or could have made at his hearing: "they didn't tell me I shouldn't." Thus, as previously held, plaintiff's claim of wrongful termination arising out of UP's violation of the collective bargaining agreement is preempted by the RLA.

Finally, plaintiff argues that preemption of his claim by the RLA denies his constitutional right to a trial by jury. The Seventh Circuit has summarily dismissed this contention, finding that "the procedures established under the RLA are 'a reasonable substitution for a jury trial' and would not 'be deemed to violate plaintiff's Seventh Amendment rights.'" Jackson v. Consolidated Rail Corp., 717 F.2d 1045 (7th Cir. 1983) *quoting* Essary v. Chicago and Northwestern Transportation Co., 618 F.2d 13 (7th Cir. 1980).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to reconsider is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 22, 2003.